IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAM SOON JEON, individually and as Estate administrator of her deceased husband, Jun Sung Kwak, | ) ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ) |
| | ) |
| ISLAND COLONY PARTNERS, 445 SEASIDE, INC., AQUA HOTELS AND RESORTS US/CANADA, and DOE BUSINESS ENTITIES 1 through 5, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) |
| _____ | ) |
| | ) |
| ISLAND COLONY PARTNERS and 445 SEASIDE, INC., | ) ) ) |
| | ) |
| Third-Party Plaintiffs, | ) ) |
| | ) |
| vs. | ) ) |
| | ) |
| ASSOCIATION OF APARTMENT OWNERS OF ISLAND COLONY, | ) ) ) |
| | ) |
| Third-Party Defendants. | ) ) |
| _____ | ) |

CIVIL NO. 11-00015 SOM/BMK

ORDER (1) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND, AND (2) AMENDING RULE 16 SCHEDULING ORDER TO ALLOW THE FILING OF DISPOSITIVE MOTIONS NO LATER THAN OCTOBER 22, 2012

**ORDER (1) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND, AND (2) AMENDING RULE 16 SCHEDULING ORDER TO ALLOW THE FILING OF DISPOSITIVE MOTIONS NO LATER THAN OCTOBER 22, 2012**

**I.       INTRODUCTION.**

Island Colony is a condominium project located in

Waikiki.  Its association of apartment owners, Third-Party

Defendant Association of Apartment Owners of Island Colony

("AOAO"), is supposedly responsible for maintaining and repairing its common elements, including its swimming pool.

Defendant Island Colony Partners is a limited partnership that facilitates the rental of some of the Island Colony apartments to guests who reserve rooms at what is called "Island Colony Hotel."  Island Colony Partners' general partner is Defendant 445 Seaside, Inc.  Island Colony Partners' limited partners are those apartment owners who participate in the hotel rental program.

Defendant Aqua Hotels and Resorts, LLC, misidentified in the Complaint and Amended Complaint as "Aqua Hotels and Resorts US/Canada," supposedly operated and managed the Island Colony Hotel.

Jun Sung Kwak, a Korean citizen, stayed at the Island Colony Hotel.  While swimming in the pool there, he had a medical emergency and drowned.  This case is brought by his widow, Nam Soon Jeon, in her individual capacity and as Kwak's estate representative, and seeks damages arising out of his death.  Jeon is also a Korean citizen.

Because Jeon fails to properly assert diversity jurisdiction on the face of the Amended Complaint and as a factual matter, the Amended Complaint is dismissed.  Jeon is granted leave to file an amended complaint that drops Island Colony Partners, a nondiverse dispensable party, to cure the lack

2

of subject matter jurisdiction.  Jeon may not file the form of
amended complaint she presently proposes, ECF No. 319-3, as that
document is defective in not alleging the citizenship of any
Defendant.

**II.      BACKGROUND.**

         The court here considers whether it has subject matter
jurisdiction over this action.  This was a concern that the court
itself raised with the parties.  They initially filed position
papers responsive to the court's concern, but eventually the
court received a motion to dismiss for lack of subject matter
jurisdiction.  The court here determines that the party
destroying diversity may, as requested by Jeon, be dismissed,
leaving this court with diversity jurisdiction.  The Amended
Complaint, however, has pleading defects that, while not
destroying diversity jurisdiction, cause this court to dismiss
the pleading, with leave to amend.

         Specifically, the court denies Jeon's request to file
the proposed amended complaint attached to her cross-motion,
because, like the existing Amended Complaint, it fails to allege
the citizenship of any Defendant.  The court therefore dismisses
the Amended Complaint, but gives Jeon leave to file a Second
Amended Complaint that drops Island Colony Partners as a
Defendant and includes the required jurisdictional allegations.
Because the Amended Complaint is dismissed, all pending motions

3

are terminated without prejudice to being reactivated at the appropriate time without the need for refiling.

On January 7, 2011, "Plaintiffs Jun Sung Kwak[,] decedent, by his estate representative and wife, Nam Soon Jeon, Su-Min Kwak, Min-Seung Kwak, and Nam Soon Jeon" filed suit against Island Colony Hotel, Island Colony Partners, 445 Seaside, Inc., and Aqua Hotels and Resorts US/Canada.  The Complaint sought damages arising out of Kwak's drowning in the swimming pool at the Island Colony Hotel.  See ECF No. 1.

On February 18, 2011, Island Colony Partners and 445 Seaside, Inc., filed a Third Party Complaint against the AOAO. See ECF No. 10.

The Third-Party Complaint seeks a determination that, if Plaintiffs obtain a judgment against Island Colony Partners and 445 Seaside, the AOAO is liable to Island Colony Partners and 445 Seaside for the full amount of the judgment.  The Third-Party Complaint also seeks a determination that the AOAO is a joint tortfeasor or otherwise liable based on the AOAO's relative degree of fault.  See id. ¶¶ 1-2.  Island Colony Partners and 445 Seaside seek "indemnification, subrogations, reimbursement[,] and/or contribution" from the AOAO.  Id. ¶ 3.

On March 29, 2011, the AOAO filed a counterclaim against Island Colony Partners and 445 Seaside.  See ECF No. 30. Id.  That same day, the AOAO filed a cross-claim against Aqua

Hotels.  Id.  Both the counterclaim and the cross-claim seek to hold other Defendants responsible for any and all damages awarded to Jeon and to have the relative degree of fault apportioned among Defendants.  Id.

On June 6, 2012, Island Colony Partners and 445 Seaside filed a cross-claim against the AOAO, seeking to hold the AOAO responsible and to apportion the relative fault among Defendants. See ECF No. 303-2.  The AOAO has moved to dismiss this cross-claim on the grounds that the claim is untimely and that the AOAO owed no duty to Kwak.  See ECF No. 311.

On May 23, 2012, Jeon, individually and in her capacity as the estate administrator for Kwak, filed an Amended Complaint against Island Colony Partners, 445 Seaside and Aqua Hotels (collectively, "Defendants").  See ECF No. 279.  The Amended Complaint dropped Kwak as a direct Plaintiff, and also dropped as claimants Kwak's children, Su-Min Kwak and Min-Seung Kwak.  The Amended Complaint no longer seeks relief against Island Colony Hotel.  Id.  The Amended Complaint alleges that the remaining Defendants were responsible for Kwak's drowning in the Island Colony Hotel pool and asserts four claims: negligent maintenance of pool facility (Count 1); negligent security (Count 2); negligent failure to warn (Count 3); and wrongful death (Count 5).  See ECF No. 1 (Jan. 7, 2011).  Id.  Although based on

diversity jurisdiction, the Amended Complaint does not allege the citizenship of any Defendant.  Id.

In preparing for the hearing in multiple dispositive motions, the court became concerned about whether it had subject matter jurisdiction.  On June 1, 2012, the court, sua sponte, raised the issue of whether this case involved complete diversity.  See ECF No. 295 and 296.  The hearings on the dispositive motions were then continued to allow the parties to brief the issue.  Id.  On June 4, 2012, the court invited the parties to research the effect on diversity jurisdiction of having foreign citizens on both sides of the case.  See ECF No. 297.

On June 20, 2012, Island Colony Partners and its general partner, 445 Seaside, filed a "position statement" regarding the court's diversity jurisdiction.  See ECF No. 307. This "position statement" noted that Aqua Hotels is a Delaware corporation, the AOAO is a Hawaii nonprofit corporation, 445 Seaside is a Hawaii corporation, and Island Colony Partners is a limited partnership whose general partner is 445 Seaside and whose limited partners include Fujiya Co., Ltd, a Japan corporation, and Toa Biru Kogyo Kabushiki Kaisha, a Japan corporation.  Id.  Later that day, the court issued a minute order indicating that it would not dismiss the case without a

motion giving all parties an opportunity to be heard.  See ECF No. 308.

On July 3, 2012, Island Colony Partners and 445 Seaside filed the motion to dismiss for lack of subject matter jurisdiction, arguing that the Amended Complaint fails to allege the citizenship of any Defendant and therefore fails to allege facts indicating complete diversity.  See ECF No. 315.  The motion also sought dismissal on the factual ground that there were foreign nationals on both sides of the case, making complete diversity impossible.  Id.

On July 5, 2012, the AOAO substantively joined in the motion to dismiss for lack of subject matter jurisdiction.  See ECF No. 317.  See also Local Rule 7.9 (discussing "substantive" joinder).

On July 6, 2012, Aqua Hotels and Resorts, LLC, also substantively joined in the motion to dismiss.  See ECF No. 318.

On July 13, 2012, Jeon filed her opposition to the motions to dismiss for lack of subject matter jurisdiction, together with a cross-motion for leave to file an amended complaint dropping Island Colony Partners for the purpose of creating complete diversity.  See ECF No. 319.

There is no dispute that Island Colony Partners is a limited partnership with foreign limited partners.  See Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction

at 5, ECF No. 315-1 (indicating that Island Colony Partners is a limited partnership whose general partner is 445 Seaside and whose limited partners include foreign citizens: Fujiya Co., Ltd, a Japan corporation, and Toa Biru Kogyo Kabushiki Kaisha, a Japan corporation); Certificate of Limited Partnership for Island Colony Partners, ECF No. 315-4; Certificate of Amendment of Limited Partnership, ECF No. 315-5 (indicating that Stahl, Inc. is Island Colony Partner's general partner); Articles of Amendment to Change Corporate Name, ECF No. 315-6 (changing name of Stahl, Inc., to 445 Seaside, Inc.); Assignment of Condominium Conveyance Document, ECF No. 315-9 (assigning apartment 2114 of the Island Colony to Fujiya Co., Ltd., a Japan corporation); Assignment of Interest in Limited Partnership, ECF No. 315-10 (assigning limited partnership interest in Island Colony Partnership to Fujiya Co., Ltd., a Japan corporation); Application for Certificate of Authority from State of Hawaii Department of Commerce and Consumer Affairs, ECF No. 315-12 (indicating that Toa Biru Kogyo Kabushiki Kaisha was incorporated in Japan); Certificate of Authority for Toa Biru Kogyo Kabushiki Kaisha, ECF No. 315-13 (same); Assignment of Condominium Document for Apartment 2512 of Island Colony Condominium, ECF No. 315-14 (same); Opposition and Cross-Motion at 4, ECF No. 319-1 ("ICP, a limited partnership, is an entity in which some limited partners appear to have an overseas address.").

Because Jeon is a citizen of Korea, <u>see</u> Amended Complaint at 2, foreign nationals are on both sides of the case. The parties agree that this prevents diversity.  Rather than dismiss this action because foreign nationals are on both sides of the case, the court agrees with Jeon that Island Colony Partners may be dropped from this action to cure the lack of diversity.

**III.**      **STANDARD.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure states: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact.  <u>Thornhill Publ'g Co. v. Gen, Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207

(9th Cir. 1996).  When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact.  Thornhill, 594 F.2d at 733.

The motion to dismiss and substantive joinders therein are both factual and facial attacks on this court's subject matter jurisdiction.  Accordingly, with respect to the factual attack, the court may accept and evaluate evidence to determine whether jurisdiction exists.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) ("when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction"); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings does not convert a Rule 12(b)(1) motion into a motion for summary judgment).  With respect to the facial attack on this court's subject matter jurisdiction, the court limits itself to the allegations of the Amended Complaint, taking all allegations of material fact as true and construing them in the light most favorable to Jeon.  See Fed'n of African Am. Contractors, 96 F.3d at 1207.

IV.        ANALYSIS.

          For a case to qualify for federal jurisdiction under 28

U.S.C. § 1332(a), there must be complete diversity of citizenship

between the parties opposed in interest.  Kuntz v. Lamar Corp.,

385 F.3d 1177, 1181 (9th Cir. 2004).

          The Amended Complaint names Island Colony Partners, a

limited partnership, as a Defendant.  The Supreme Court has

stated that, in determining the citizenship of a limited

partnership for diversity purposes, courts examine the

citizenship of all its "members."  Carden v. Arkoma Assocs., 494

U.S. 185, 195-96 (1990).  Courts therefore look at the

citizenship of the general partners as well as of all of the

limited partners in determining the citizenship of a limited

partnership.  See Johnson v. Columbia Props. Anchorage, LP, 437

F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister

circuits and hold that, like a partnership, an LLC is a citizen

of every state of which its owners/members are citizens.");

Schnabel v. Lui, 302 F.3d 1023, 1030 n.3 (9th Cir. 2002) ("a

partnership is a citizen of every state of which its partners are

citizens").  Accord Lindley Contours, LLC v. AABB Fitness

Holdings, Inc., 414 Fed. Appx. 62, 64 (9th Cir. 2011) ("For

purposes of diversity jurisdiction, a limited partnership is a

citizen of all of the states of which its partners are citizens,

and a limited liability corporation is a citizen of all of the

11

states of which its owners/members are citizens.") (unpublished memorandum decision).

There is no dispute that Island Colony Partners has foreign limited partners.  Nor is there any dispute that Jeon is a citizen of Korea.  This combination of citizenships robs this court of diversity jurisdiction over the Amended Complaint, ECF No. 279, as diversity of citizenship cannot exist between a foreign plaintiff and a foreign defendant.  It does not matter if the foreign plaintiff and the foreign defendant are citizens of different jurisdictions. See Craig v. Atl. Richfield Co., 19 F.3d 472, 476 (9th Cir. 1994) (noting in dicta that diversity is defeated in a case with a single foreign plaintiff and numerous foreign defendants in addition to United States defendants); Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294 (9th Cir. 1989) ("'Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants.'" (quoting Cheng v. Boeing Co., 708 F.2d 1406, 1412 (9th Cir. 1983))); Eggs 'N Things Int'l v. ENT Holdings LLC, Civ. No. 10-00298 JMS/LEK, 2010 WL 5834799, *7 (D. Haw. Dec. 16, 2010) ("diversity jurisdiction does not include suits between a foreign plaintiff and a foreign defendant, even if there are also citizen defendants"); Evolution Capital Mgmt., LLC. v. Mayus, Civ. No. 06-00494 SOM/KSC, 2007 WL 1771581, *2 (D. Haw. June 18, 2007) (citing Faysound, 878 F.2d at 294 and stating: "The Ninth Circuit has interpreted Section

12

1332(a)(2) to require complete diversity of parties. . . . Therefore, aliens on both sides of the litigation will defeat diversity jurisdiction.").

Having determined that the court lacks subject matter jurisdiction over the Amended Complaint, the court must now decide how to proceed.  Defendants argue that dismissal of the Amended Complaint is appropriate.  Jeon, on the other hand, requests leave to file another amended complaint that drops Island Colony Partners as a party, thereby creating diversity jurisdiction.  The court agrees that allowing Island Colony Partners to be dropped as a Defendant is the proper course of action.

In seeking to drop Island Colony Partners, Jeon relies on Rule 21 of the Federal Rules of Civil Procedure, which allows the court "at any time, on just terms, [to] add or drop a party." The Supreme Court has noted that Rule 21 provides courts with the authority "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered. . . . Indeed, . . . courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 573 (2004); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1154 (9th Cir. 1998) ("First, Rule 21 specifically allows for the dismissal of parties at any stage of the action.").

This court looks to Rule 19(b) of the Federal Rules of Civil Procedure to determine whether Island Colony Partners is dispensable such that it may be dropped pursuant to Rule 21. See, e.g., Sams v. Beech Aircraft Corp., 625 F.2d 273, 276 n.6 (9th Cir. 1980) (noting that the district court had failed to consider whether a party was dispensable under Rule 19(b) so that she could be dropped pursuant to Rule 21); Eggs 'N Things Intl., 2011 WL 676226, *4 ("In other words, the court may drop a non-diverse party, at any time, so long as the party is not "indispensable" under Rule 19(b)."); 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1685 (3d ed 2001) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if the party's presence in the action is not required under Rule 19.").

> Rule 21 provides the court this flexibility because the alternative of dismissing the action for lack of subject matter jurisdiction would result in the plaintiff simply refiling the action without the non-diverse party, which would waste the time and resources of all involved. Accordingly, Rule 21 allows practicality to prevail over logic so that the court may dismiss a dispensable, non-diverse party in order to perfect retroactively the district court's original jurisdiction.

Eggs 'N Things, 2011 WL 676226, *4 (citations and quotations omitted).

Dismissal of dispensable nondiverse parties should be exercised sparingly after careful consideration of whether such a dismissal will prejudice any of the parties in the litigation. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837-38 (1989).

A party is indispensable when, in equity and good conscience, the action should not be allowed to proceed without the presence of the party.  Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1155 (9th Cir. 2002); Eggs 'N Things, 2011 WL 676226, *5.  Whether a party is indispensable involves a practical, fact-specific inquiry designed to avoid the harsh results of rigid application. Dawavendewa, 276 F.3d at 1154.  Under Rule 19(b),

> the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and

15

> (4) whether the plaintiff would have an
> adequate remedy if the action were dismissed
> for nonjoinder.

Fed. R. Civ. P. 19(b).

The Amended Complaint seeks to hold Defendants jointly and severally liable for negligent maintenance of the pool (Count 1), negligent security (Count 2), negligent failure to warn (Count 3), and wrongful death (Count 4). See Amended Complaint ¶¶ 26, 28, 30, and 32, ECF No. 279. As noted in the Advisory Committee Notes to Rule 19, "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Fed. R. Civ. P. 19(a) Advisory Comm. Notes. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp., 498 U.S. 5, 7 (1990); Union Paving Co. v. Downer Corp., 276 F.2d 468, 471 (9th Cir. 1960) ("And it is well established that a joint tort-feasor is not an indispensable party."). Accord Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132 (1st Cir. 1989) ("unlike a person vicariously liable in tort, a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20." (citations omitted)); Behrens v. Donnelly, 236 F.R.D. 509, 515 (D. Haw. 2006) (Seabright, J.) ("Joint tortfeasors, however, are not necessary and indispensable parties."). This court considers

16

Island Colony Partners merely a permissive party, not a necessary or indispensable party.

The court is unpersuaded by the AOAO's citation of section 663-10.9 of the Hawaii Revised Statutes and <u>Amboy Bancorporation v. Bank Advisory Group</u>, 432 Fed. Appx. 102, 111-12 (3d Cir. 2011).  In relevant part, section 663-10.9 abolishes joint and several liability, with exceptions.  Recovery of noneconomic damages involving injury or death remains available against "tortfeasors whose individual degree of negligence is found to be twenty-five per cent or more under section 663-31." However, when a "tortfeasor's degree of negligence is less than twenty-five per cent," that tortfeasor is not jointly and severally liable.  Instead, "the amount recoverable against that tortfeasor for noneconomic damages shall be in direct proportion to the degree of negligence assigned."  The AOAO analogizes this limit on joint and several liability to comparative negligence, discussed in <u>Amboy</u>.

<u>Amboy</u> involved a party, the Bank Advisory Group, that had filed for bankruptcy.  The Bankruptcy Court modified the automatic stay to allow the district court to determine whether the plaintiff and other defendant could be afforded complete relief if the Bank Advisory Group were severed or dismissed from the action.  <u>Id.</u> at 111.  The plaintiff in <u>Amboy</u> argued that the Bank Advisory Group was a necessary party because complete relief

17

could not be granted in its absence.  Id.  The Third Circuit
noted that, under New Jersey law, a tortfeasor found less than
60% responsible for the total damages was only responsible for
damages directly attributable to that tortfeasor.  Id. at 112.
The Third Circuit determined that, because the other defendant
could be less than 60% responsible for plaintiff's damages, the
Bank Advisory Group's presence was necessary to accord the
plaintiff complete relief.  Id.

     Amboy is distinguishable on its facts.  In that case,
the court was concerned with possible prejudice to the plaintiff
in the absence of the Bank Advisory Group.  If the Bank Advisory
Group had been dismissed from the action, and if the remaining
defendant had been found less than 60% responsible, the
plaintiff's recovery would have been limited to the remaining
defendant's percentage of fault, meaning that the plaintiff would
not have had an adequate remedy.

     Unlike Amboy, dismissal of Island Colony Partners will
not deny any party adequate relief.  Quite the contrary, Jeon
will be prejudiced if Island Colony Partners is not dismissed.
Jeon has conceded that the applicable two-year statute of
limitations has run on her claims, as Kwak died in January 2009.
See Reply in Support of Cross-Motion at 4, ECF No. 328 ("The
court further held that the greatest prejudice in dismissing the
non-diverse parties (who had settled) would be to plaintiffs if

18

the court were to dismiss for lack of diversity jurisdiction because the statute of limitations on plaintiff's claims had run, <u>similar to this case here</u>." (emphasis added)); <u>See</u> Amended Complaint ¶ 3, ECF No. 279 (alleging that Kwak died on or about January 13, 2009); Haw. Rev. Stat. § 657-7 ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after," unless tolled by infancy, insanity, or imprisonment as set forth in section 657-13).[1]  This means that, if this court were to dismiss this action, Jeon, barred from filing a state-court action, would be left with no remedy at all.  It is true that Jeon will not be able to recover from Island Colony Partners if it is dismissed from this case. But Jeon will have no potential recovery at all if Island Colony Partners remains and destroys diversity jurisdiction.

Defendants make no showing of prejudice to them if Island Colony Partners is dismissed.  Because the statute of limitations has run on Jeon's claims, Defendants need not fear another action by Jeon.[2]  The remaining Defendants may also file

---

[1]If Jeon is not conceding that any newly filed claim would be barred by the applicable statute of limitations, or if Jeon is planning on filing a state-court action against Island Colony Partners, Jeon must so notify this court no later than September 4, 2012.

[2]This court's analysis of prejudice to the remaining Defendants might well be different if they were subject to a state-court action in addition to the present case.

third-party complaints against Island Colony Partners to recover all or an appropriate share of damages awarded to Jeon.  See Union Paving Co., 276 F.2d at 470 (diversity jurisdiction is not destroyed by lack of diversity with a third-party defendant); accord Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 169 (3d Cir. 1999) ("a third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state").  If appropriate, the special verdict form submitted to the jury may ask whether and to what extent Island Colony Partners is responsible for Jeon's damages.  See In re Haw. Fed. Asbestos Cases, 960 F.2d 806, 819 (9th Cir. 1992) (affirming district court's inclusion of nonparty on special verdict form seeking apportionment of fault under Hawaii law).  Accordingly, the court is unpersuaded by the argument that Defendants' rights to contribution will be prejudiced if Island Colony Partners is dismissed.  See ECF No. 323 at 5-6.

The decision reached in Wheelock v. Sport Kites, Inc., 839 F. Supp. 730, 734 (D. Haw. 1993) (Fong, J.), applies the reasoning outlined here.  In that case, the plaintiff sought to dismiss a nondiverse defendant, arguing that it was dispensable. The court agreed, reasoning that the defendants were not prejudiced because they could file a third-party complaint

20

seeking indemnification from the nondiverse defendant and that the court could include the nonparty on the special verdict form to apportion fault.  Id.  The court noted that the greatest prejudice would be to the plaintiff if the case were dismissed for lack of diversity jurisdiction because the statute of limitations had run on the claims.  Id.

This case is also very much like Byrd v. Howse Implement Co., 227 F.R.D. 692, 695 (M.D. Ala. 2005).  Byrd sued Howse Implement Company and Ray Dean Farm Equipment Auction Company, claiming diversity jurisdiction.  It turned out that both Byrd and Dean were Alabama citizens.  Byrd settled with Dean and sought dismissal of Dean.  Howse objected to Dean's dismissal, arguing that the court lacked diversity jurisdiction and that the action should be dismissed.  The Alabama district court ruled that Dean was a dispensable nondiverse party that could be dropped from the case to ensure jurisdiction.  The court noted that Howse would not be prejudiced by Dean's dismissal, as Byrd had settled with Dean such that new litigation against Howse was unlikely.  The court stated that, because the allegations were that Howse and Dean were joint tortfeasors, Byrd could have filed the case against only Howse or only Dean.  The court also reasoned that, if it dismissed the case for lack of diversity jurisdiction, Byrd would not have an adequate remedy as

contemplated by Rule 19(b) because any state-court action against Howse might have been time-barred.  Id. at 695.

Like the nondiverse parties in Wheelock and Byrd, Island Colony Partners is a dispensable party that may be dropped.  No Defendant will be prejudiced, while Jeon will be prejudiced if Island Colony Partners remains.

Having concluded that Island Colony Partners may be dropped from the Amended Complaint, the court turns to Jeon's new proposed amended complaint, ECF No. 319-3.  Because this proposed amended complaint fails to allege the citizenship of any Defendant, it fails to properly allege diversity of citizenship. This is a mere pleading defect, not a jurisdictional issue.  See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  See also Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001) (citing Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568 n.3 (2d Cir. 2000), for the proposition that an inadequate pleading is not a jurisdictional defect). Nevertheless, the pleading defect requires dismissal of the Amended Complaint, with leave to amend (but not through the presently proposed amended pleading).

The court has considered whether the pleading defect may be excused.  In Rilling v. Burlington N. R. Co., 909 F.2d 399, 400 (9th Cir. 1990), the Ninth Circuit held that a district

court could not exercise diversity jurisdiction over a complaint
containing no allegations concerning the citizenship of a
defendant or the amount in controversy.  However, that case does
not appear to have had a factual record establishing whether
diversity did or could have existed.  This court therefore
contemplated the possibility that the factual record in the
present case might permit the court to exercise diversity
jurisdiction notwithstanding Jeon's pleading defect.  Alas, that
possibility appears foreclosed by the Ninth Circuit's decision in
Kanter.

In Kanter, the Ninth Circuit noted that "the party
asserting diversity jurisdiction bears the burden of proof" with
respect to jurisdiction.  265 F.3d at 858 (citations omitted).
As Kanter was a removed case, the burden of establishing
diversity jurisdiction was on the removing defendant.  That
party's notice of removal, like the complaint in that case, had
referred only to the plaintiff's residency, not citizenship.
Even though the existence of diversity of citizenship was
undisputed, the Ninth Circuit, noting that the notice of removal
could be amended, said that the removing defendant's "failure to
specify Plaintiffs' state citizenship was fatal to Defendants'
assertion of diversity jurisdiction."[3]  Id.  Accord Marzan v.

_____

[3]There was, in addition, an issue as to the amount in
controversy, and the Ninth Circuit could have found a lack of
jurisdiction on that ground alone.  The Ninth Circuit's reference
to the fatal failure to assert diversity of citizenship, which

Bank of Am., 2010 WL 5110102, *1 (D. Haw. Dec. 9, 2010) (Kay, J) ("The party asserting diversity jurisdiction bears the burden of proof.  Therefore, if the plaintiff makes no allegations in the complaint respecting the citizenship of the defendant(s) or the plaintiff(s), the district court cannot properly exercise diversity jurisdiction over the claim." (citation omitted)).

Although compelled to dismiss the Amended Complaint given the pleading defect, the court grants Jeon leave to file a Second Amended Complaint no later than September 21, 2012, that properly alleges diversity of citizenship.

The court notes that the Magistrate Judge vacated the original deadline for filing an amended complaint and then later allowed Jeon to file her existing Amended Complaint.  The court's review of the record does not indicate that a new deadline was set.  Unless otherwise informed by the parties, this court will proceed on the assumption that the Magistrate Judge intended that the new deadline for amending the complaint was the same as the deadline for filing the existing Amended Complaint.  Thus, the deadline for amendments has passed.  Although the court does allow the filing of a Second Amended Complaint to remove a party and add jurisdictional allegations, any Second Amended Complaint may not add new claims against any remaining Defendant, given the passage of the deadline.  See Lopez v. Smith, 203 F.3d 1122, 1131

---

was undisputed, is all the more notable.

(9th Cir. 2000) (cautioning courts to allow amendment of a
dismissed complaint if it appears possible that the plaintiff can
correct the defect in the complaint).  This limitation on issues
will alleviate potential prejudice to Defendants that could arise
if Defendants were forced to litigate new claims just because
Jeon is allowed to drop Island Colony Partners as a Defendant.
See Fed. R. Civ. P. 19(b).

**V.       CONCLUSION.**

Because diversity jurisdiction is lacking and not
properly alleged, the Amended Complaint is dismissed.  Jeon is
given leave to file a Second Amended Complaint for the purpose of
dropping any party that destroys diversity and of properly
alleging the citizenship of remaining parties and the amount in
controversy to demonstrate diversity jurisdiction.  Any such
Second Amended Complaint must be filed by September 21, 2012, and
may not add any new claims.

All pending motions set for hearing on September 24,
2012, are terminated given the dismissal of the Amended Complaint
to which they refer.  However, if Jeon files a Second Amended
Complaint, Defendants may, as appropriate, reinstate any
previously filed motion (with accompanying documents, including
concise statements) without refiling any previously filed
document or providing new courtesy copies of materials previously
submitted.  Reinstatement may occur by the filing of a short,

simple document that states that the filing party wishes to reinstate motions (identifying the reinstated motions and reinstated documents by their document numbers in the electronic case file). Upon the reinstatement of a motion, any opposition memorandum (and accompanying material, such as a concise statement of facts), as well as any reply memorandum, shall be automatically deemed reinstated.

The parties are not required to reinstate any motion and may instead file new dispositive motions.  Any statement of reinstatement or any new motion must be filed no later than October 22, 2012.

In all future motions filed with this court, the parties shall not attempt to skirt the Local Rules regarding length of motions by filing multiple motions when a composite motion will suffice.  Although reinstatement of the parties' multiple motions filed to date is allowed, the court notes that

they were repetitive and have created logistical problems, given the difficulty of tracking all of the documents filed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 31, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Jeon v. Island Colony Partners, Civ. No. 11-00015 SOM/BMK; ORDER (1) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND, and (2) AMENDING RULE 16 SCHEDULING ORDER TO ALLOW THE FILING OF DISPOSITIVE MOTIONS NO LATER THAN OCTOBER 22, 2012