IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NAM SOON JEON, individually and as Estate administrator of her deceased husband, Jun Sung Kwak, | ) ) ) ) | CIVIL NO. 11-00015 SOM/BMK |
| | ) | ORDER GRANTING ASSOCIATION OF APARTMENT OWNERS OF ISLAND COLONY'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED IN THIRD AMENDED COMPLAINT |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| 445 SEASIDE, INC., AQUA HOTELS AND RESORTS US/CANADA, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING ASSOCIATION OF APARTMENT OWNERS
OF ISLAND COLONY'S MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED IN THIRD AMENDED COMPLAINT**

**I.      INTRODUCTION.**

There is no dispute that, on January 13, 2009, while staying at the Island Colony Hotel in Hawaii, Jun Sung Kwak drowned in the swimming pool there.  See Deposition of Robert Bird (Oct. 26, 2011), ECF No. 160-30, Jan. 13, 2012; Third Amended Complaint ¶¶ 3-4.  No party disputes that a two-year limitations period applies to Nam Soon Jeon's claims arising out of the death of Kwak, her husband.  See Haw. Rev. Stat. § 657-7. The issue on the present motion is whether Jeon timely filed her claims against the Association of Apartment Owners of Island Colony ("AOAO").  The court rules that she did not.

**II.      BACKGROUND.**

The original Complaint of January 7, 2011, alleged that Defendants Island Colony Partners, 445 Seaside, Inc., and Aqua

Hotels and Resorts US/Canada owned, operated, or managed Defendant Island Colony Hotel, at which Kwak drowned.  See Complaint ¶¶ 4-7, ECF No. 1.  The original Complaint named five Doe Defendants, which were described as "fictitious business entities whose identities are presently unknown."  Id. ¶ 8.

On or about November 25, 2009, Carole Blanco, a Senior Claims Adjuster with First Insurance Company of Hawaii, sent Plaintiffs' counsel, the Kimm Law Firm, a letter.  See Ex. C to Motion, ECF No. 334-4.  This letter stated that First Insurance, Island Colony Partners' insurer, had received Jeon's counsel's letter of November 16, 2009, claiming that Kwak had suffered an apparent cardiac arrest and that "critical time was lost in the process of calling for emergency assistance."  Id.  Blanco's letter informed Plaintiffs' counsel that the swimming pool and other common elements at the Island Colony Hotel were "under the control of the Island Colony AOAO."  Id.  Blanco noted that the Island Colony AOAO had a separate insurance policy, number 2009441, and that Kelvin Kaneshiro, Esq., had been retained to represent Island Colony AOAO with respect to Plaintiffs' claims. Id.  The letter further stated, "Since your allegations pertain to the safety of the common areas, they do not involve the rental pool."[1]  Id.  According to her November 2009 letter, Blanco had

---

[1]  The term "rental pool" referred to a consortium of hotel apartments rented out by their owners.  Island Colony Partners was involved with the "rental pool."

"taken the liberty of forwarding your letter to my colleague who handles this claim on behalf of the Island Colony AOAO and I expect that Mr. Kaneshiro will respond on their behalf to your request to engage in pre-suit settlement discussions."  Id.

Hawaii's two-year statute of limitations for personal injury actions provides:  "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."  Haw. Rev. Stat. § 657-7.[2]

On January 7, 2011, within the two-year limitations period, the original Complaint was filed.  See Complaint, ECF No. 1.  Despite Blanco's November 2009 letter raising the

_____

[2]  Section 657-13, referred to in section 657-7, is inapplicable here.  Section 657-13 states:

If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:

(1) Within the age of eighteen years; or,

(2) Insane; or,

(3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life;

such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

possibility that the AOAO might be liable to Plaintiffs, Plaintiffs did not name the AOAO as a Defendant in their original Complaint.

On February 18, 2011, Island Colony Partners and 445 Seaside, Inc., filed a Third-Party Complaint against the AOAO. See ECF No. 10.  The Third-Party Complaint contended that, if Jeon turned out to be entitled to judgment against Island Colony Partners and 445 Seaside, Inc., then the AOAO was liable to Island Colony Partners and 445 Seaside, Inc., for the full amount of that judgment.  The Third-Party Complaint also sought a determination that the AOAO was a joint tortfeasor or otherwise liable based on the AOAO's relative degree of fault.  See id. ¶¶ 1-2.  Island Colony Partners and 445 Seaside, Inc., sought indemnification, subrogation, reimbursement, and/or contribution from the AOAO.  Id. ¶ 3.

On March 29, 2011, the AOAO answered the Third-Party Complaint, filed a cross-claim against Aqua Hotels & Resorts, and filed a counterclaim against Island Colony Partners and 445 Seaside, Inc.  See ECF No. 30.

Like Blanco's letter of November 25, 2009, neither the Third-Party Complaint against the AOAO nor the AOAO's answer, counterclaim, and cross-claim failed to rouse Jeon to action against the AOAO.  Instead, Jeon waited until January 5, 2012, more than two years after Kwak had drowned and nearly a year

after the Third-Party Complaint added the AOAO to this action, to move to amend the Complaint to add the AOAO as a Defendant.  See ECF No. 152.

Jeon's motion stated, "During Discovery, plaintiffs came to learn that part of the sixth floor of the 'Island Colony Hotel,' where the swimming pool is situated, is owned, operated or managed by the Association of Apartment Owners of Island Colony, and hence this entity had been brought in as a third-party defendant by the other defendants."  See Motion to Amend, ECF No. 151-1, PageID #2349.  Plaintiffs, however, failed to state with any specificity when they "discovered" the AOAO's role.

The motion to amend the Complaint was heard by Magistrate Judge Barry M. Kurren on May 17, 2012.  See ECF Nos. 277 and 356-1.  The AOAO argued to the Magistrate Judge that the proposed amendment would be futile because the two-year statute of limitations barred Jeon's claim against the AOAO.  At the hearing on that motion, Jeon's attorney told Magistrate Judge Kurren that he did not recall Blanco's letter of November 25, 2009.  See ECF No. 356-1, PageID #7251.  The Magistrate Judge concluded that the AOAO needed to develop a better record with respect to the limitations issue and told the AOAO that it should pursue the issue by way of a dispositive motion.  See ECF No. 356-1, PageID #s 7249-50, 7259.

5

On May 23, 2012, Jeon filed an Amended Complaint, naming Jeon as Plaintiff both individually and in her capacity as administrator of Kwak's estate.  <u>See</u> ECF No. 279.  The Amended Complaint named as Defendants Island Colony Partners, 445 Seaside, Inc., Aqua Hotels and Resorts US/Canada, and the AOAO. <u>Id.</u>  The Amended Complaint asserted claims for negligent maintenance of the swimming pool, negligent security, negligent failure to warn of danger, and wrongful death.  <u>Id.</u>  The Amended Complaint dropped the strict liability claim asserted in the original Complaint.  <u>Id.</u>

On August 31, 2012, the court dismissed the Amended Complaint because complete diversity was lacking.  <u>See</u> Order, ECF No. 330.  Jeon was given leave to file a Second Amended Complaint.  <u>Id.</u>

On September 5, 2012, Jeon filed what she called a "Third Amended Complaint."  <u>See</u> ECF No. 332.  This document was similar to the original Amended Complaint, but did not name Island Colony Partners as a Defendant, the entity that had previously destroyed diversity.  <u>See</u> <u>id.</u>

On September 12, 2012, the AOAO filed the present motion to dismiss Jeon's claim against it.  <u>See</u> ECF No. 333.

III.     **SUMMARY JUDGMENT STANDARD.**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted when "the movant shows that

6

there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a) (2010).  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130,
1134 (9th Cir. 2000).  The movants must support their position
that a material fact is or is not genuinely disputed by either
"citing to particular parts of materials in the record, including
depositions, documents, electronically stored information,
affidavits or declarations, stipulations (including those made
for the purposes of the motion only), admissions, interrogatory
answers, or other materials"; or "showing that the materials
cited do not establish the absence or presence of a genuine
dispute, or that an adverse party cannot produce admissible
evidence to support the fact." Fed. R. Civ. P. 56(c).  One of
the principal purposes of summary judgment is to identify and
dispose of factually unsupported claims and defenses.  Celotex
Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

        Summary judgment must be granted against a party that
fails to demonstrate facts to establish what will be an essential
element at trial.  See id. at 323.  A moving party without the
ultimate burden of persuasion at trial--usually, but not always,
the defendant--has both the initial burden of production and the
ultimate burden of persuasion on a motion for summary judgment.
Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102
(9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere allegations in the pleadings and instead must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); see also Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468

(9th Cir. 1987) (<u>citing</u> <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at

587). <u>Accord</u> <u>Addisu</u>, 198 F.3d at 1134 ("There must be enough

doubt for a 'reasonable trier of fact' to find for plaintiffs in

order to defeat the summary judgment motion.").

 In adjudicating summary judgment motions, the court

must view all evidence and inferences in the light most favorable

to the nonmoving party. <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.

Inferences may be drawn from underlying facts not in dispute, as

well as from disputed facts that the judge is required to resolve

in favor of the nonmoving party. <u>Id.</u> When "direct evidence"

produced by the moving party conflicts with "direct evidence"

produced by the party opposing summary judgment, "the judge must

assume the truth of the evidence set forth by the nonmoving party

with respect to that fact." <u>Id.</u>

IV.  **ANALYSIS.**

 The AOAO moves for summary judgment, arguing in

relevant part that the claims asserted against it are barred by

the applicable two-year statute of limitations, section 657-7 of

Hawaii Revised Statutes. This court agrees and grants summary

judgment in favor of the AOAO with respect to the claims asserted

against it in the Third Amended Complaint.

 Raising no challenge to the applicability of the two-

year limitations period, Jeon argues that her claims against the

AOAO should relate back to the date of the original Complaint,

which was filed within the two-year period.   Jeon says that she originally named "Doe" Defendants and that, pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure, she changed the name of a party in a manner that allows her Amended Complaint to relate back.   The court disagrees.

Rule 15(c)(1) allows an amendment to relate back to the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Citing Wakuya v. Oahu Plumbing & Sheet Metal, Ltd., 2 Haw. App. 373, 377-79, 636 P.2d 1352, 1356-57 (Ct. App. 1981), aff'd, 65 Haw. 592, 656 P.2d 94 (1982), Jeon argues that, pursuant to Rule 15(c)(1)(A), she was allowed by Hawaii law governing the limitations period to identify a "Doe" against whom

a timely claim was asserted in the original Complaint.[3]  <u>Wakuya</u>
examined the interplay between the identification of "Doe"
defendants and section 657-7.5 of Hawaii Revised Statutes, which
allows a plaintiff to assert a claim against a third-party
defendant within 30 days of the filing of the third-party
defendant's answer.  <u>Wakuya</u> held that section 657-7.5 did not
preclude a plaintiff from identifying "Doe" defendants after the
30-day period.  <u>Id.</u> at 379, 636 P.2d at 1357.

Pursuant to <u>Wakuya</u>, Jeon could have timely amended her
Complaint to add claims against the AOAO within 30 days of the
filing of the AOAO's Answer to the Third-Party Complaint on March
29, 2011.  Even without doing that, Jeon could still have sought
to identify "Doe" Defendants.  However, the AOAO could not have
been property characterized as a "Doe" Defendant.  That is
because Jeon was on notice of the AOAO's identity and possible
role even before Jeon filed her original Complaint.

Jeon submits no admissible evidence disputing her
receipt of Blanco's letter of November 25, 2009, which stated
that the AOAO had control of the swimming pool and other common
areas of the Island Colony Hotel.  This letter told Jeon that the
AOAO had a separate insurance policy and was represented by

_____

[3]Jeon is not arguing that her claim against the AOAO should
relate back based on Rule 15(c)(1)(b), as that rule pertains to
new claims and defenses arising out of the same conduct,
transaction, or occurrence as the original pleading, not to new
parties.

11

Kelven Kaneshiro, Esq.  See ECF No. 334-4.  Jeon's attorney told
Magistrate Judge Kurren at the hearing regarding amendment of the
Complaint that he did not recall the letter.  See ECF No. 356-1,
PageID #7251.  But that is not the same as saying the letter was
not received.  That is, Jeon's counsel is not claiming that he
did not receive the letter, only that he did not recall it.
Under these circumstances, this court deems notice of the AOAO's
role to have been received by Jeon's counsel as of November
2009.[4]

        Because Jeon had notice of the AOAO's potential
management, ownership, and/or control of the swimming pool area
at the Island Colony Hotel in November 2009, it was not proper
for Jeon to treat the AOAO as a "Doe" Defendant with respect to
the Complaint of January 2011.  A plaintiff may use a "Doe"
designation in a complaint for a defendant whose identity is
unknown.  See James Wm. Moore, 2 Moore's Fed. Practice,
§ 10.02[2][d][i] (3d ed. 2011).  "[T]he court will not permit use
of the 'Doe' designation for a defendant if the plaintiff's
ignorance of the defendant's true identity is the result of
willful neglect or lack of reasonable inquiry.  If reasonable

---

        [4]At the hearing on the present motion, counsel for Jeon
stated that, on or about November 29, 2009, Kaneshiro sent him a
letter.  According to Jeon's counsel, that letter told him that
the AOAO was unwilling to discuss the matter with him because
Jeon's counsel was not licensed to practice law in Hawaii.  This
statement corroborates Jeon's knowledge of the AOAO's role in
this matter in November 2009.

inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed." Id.; see also Beckerman v. Weber, 2007 WL 2301049, *5 (M.D. Pa. Aug. 9, 2007) (improper to use "Doe" defendant designation when plaintiff had identified that defendant's business address and the defendant was present during a court hearing).

Nothing in the record suggests that Jeon was prevented from learning of the AOAO's role in this case upon reasonable inquiry. See Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").

Nor does any state court rule governing the naming of "Doe" defendants support Jeon's identification of the AOAO as a "Doe" Defendant in this case. Rule 17(d) of the Hawaii Rules of Civil Procedure states:

> (1) When it shall be necessary or proper to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the identity of a defendant, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of the identity as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.

13

(2) Subject to HRS section 657-22, the person intended shall thereupon be considered a party defendant to the action, as having notice of the institution of the action against that person, and as sufficiently described for all purposes, including services of process, and the action shall proceed against that person.

(3) Any party may, by motion for certification, make the name or identity of the party defendant known to the court within a reasonable time after the moving party knew or should have known the name or identity of the party defendant.  The motion shall be supported by affidavit setting forth all facts substantiating the movant's claim that the naming or identification has been made in good faith and with due diligence.  When the naming or identification is made by a plaintiff, it shall be made prior to the filing of the pretrial statement by that plaintiff, or within such additional time as the court may allow.  The court shall freely grant reasonable extensions of the time in which to name or identify the party defendant to any party exercising due diligence in attempting to ascertain the party defendant's name or identity.

(4) When a party defendant has been named or identified in accordance with this rule, the court shall so certify and may make any order that justice requires to protect any party from undue burden and expense in any further proceedings involving the party defendant.

(5) A party defendant who has been named or identified in accordance with this rule may have dismissal of one or more claims against the defendant if the defendant shows in a timely manner that the delay in naming or identifying that defendant has caused that defendant substantial prejudice and if the interests of justice so require.

Haw. R. Civ. P. 17(d).

As noted above, at the time the original Complaint was filed in January of 2011, Jeon should have been able to identify the AOAO, as she had been specifically told in November 2009 that the AOAO controlled and was responsible for the common areas of the Island Colony Hotel, including the swimming pool.  <u>See</u> ECF No. 334-4.  This is simply not a case in which a plaintiff was "unable to ascertain the identity of a defendant" at the time the complaint was filed.  Haw. R. Civ. P. 17(d)(1).  Accordingly, the law providing the applicable statute of limitations does not allow the relation back in this case.  <u>See</u> Fed. R. Civ. P. 15(c)(1)(A).

Jeon also fails to show that the AOAO knew or should have known that the action would have been asserted against it but for a mistake concerning its identity such that Rule 15(c)(1)(C) would apply.  Rule 15(c)(1)(C) allows an amended pleading to relate back to the original pleading when the amendment 1) changes the party or the naming of the party, 2) the amendment asserts a claim or defense arising out of the conduct, transaction, or occurrence in the original pleading, and 3) within 120 of the service of the summons and the complaint, the party to be brought in by the amendment a) received notice of the action such that it will not be prejudiced and b) knew or should have known about the action "but for a mistake concerning the proper party's identity."

15

As Jeon notes, the Supreme Court has recently discussed the application of Rule 15(c)(1)(C).  The Supreme Court explained that, in determining whether a pleading relates back, courts examine whether the <u>defendant</u> knew or should have known that it would be named as a defendant but for an error concerning its identity.  <u>See</u> <u>Krupski v. Costa Crociere</u>, 130 S. Ct. 2485, 2493 (2012).  "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity."  <u>Id.</u> at 2493-94.

The Supreme Court clarified that a plaintiff's knowledge of a party's existence does not preclude the plaintiff from making a mistake concerning the party's identity.  <u>Id.</u> at 2494.  In other words, a plaintiff could be generally aware of what Party A does, while misunderstanding the roles that Party A and Party B played in the underlying conduct, transaction, or occurrence giving rise to a claim.  If a plaintiff sues Party B under those circumstances, she can be said to have made a mistake concerning the proper party's identity, even though she knew about both parties.  <u>Id.</u>  On the other hand, if a plaintiff makes a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two, no mistake has been made concerning the proper party's identity.  <u>Id.</u>

In the present case, there is no evidence that the AOAO knew or should have known that Jeon would have asserted a claim against it but for a mistake concerning the AOAO's identity.  In the face of Blanco's letter and the AOAO's contention on this motion for summary judgment that Jeon early on made a deliberate choice not to sue the AOAO, Jeon submits no evidence demonstrating that the AOAO knew or should have known that Jeon was mistaken with respect to the AOAO's identity.  In other words, Jeon fails to raise a triable issue of fact as to that matter.

There is, moreover, no evidence as to what mistake Jeon might have made as to the AOAO's identity.  At most, Jeon's Opposition states, "Due to the complex interrelationship among the defendants in this action, Jeon was unaware of the true identity and role of the AOAO until depositions took place in this action."  Opposition, ECF No. 354, PageID #7196.  The Opposition also states, "It is obvious that had plaintiff known of the proper name, role and identity of all the parties to this lawsuit that AOAO would have been named as a defendant."  Id., PageID # 7198.  Jeon claims "it is foreseeable that plaintiff could be confused by the multiple defendants in this litigation." Id., PageID # 7199.

But Jeon fails to submit any admissible evidence supporting those statements or describing why the AOAO knew or

should have known that Jeon had made a mistake concerning its identity.  In other words, Jeon fails to show that information in her possession "bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity."  <u>Krupski</u>, 130 S. Ct. at 2493-94.

The declarations submitted by Jeon's counsel provide no description of any actual confusion.  <u>See</u> ECF Nos. 151-2, 226-1. At most, in connection with the motion seeking leave to file the Third Amended Complaint, Jeon's counsel says that the deposition of William Tanaka "outlines the vast complexities of the ownership structure of 'Island Colony Hotel.'"  ECF No. 151-2. Ownership complexities are far from equivalent to a mistake about the AOAO's role.  Jeon's counsel's second declaration in support of the motion to amend is completely silent on the confusion issue.  <u>See</u> ECF No. 226-1.  Jeon's counsel's failure to support the statements in the Opposition with his own declaration is telling.

Jeon was on notice of the AOAO's role at the time she filed the original Complaint.  This alone suffices for the AOAO to meet its initial burden of demonstrating that it did not know or have any reason to know that it would have been named in this action but for Jeon's mistake concerning its identity.  This evidence also suggests that Jeon either made a deliberate

decision not to sue the AOAO or forgot to name the AOAO as a Defendant.

Although Jeon's knowledge of the mere existence of the AOAO would not automatically preclude her from making a mistake about the identity of the AOAO in this lawsuit, it was incumbent on Jeon to submit admissible evidence from which it could be said that the AOAO knew or should have known that Jeon's failure to name the AOAO was the result of a mistake as to its identity and not a deliberate choice or an oversight.  As the Supreme Court noted in <u>Krupski</u>, 130 S. Ct. at 2492, making such a deliberate choice with full understanding of the facts "is the antithesis of making a mistake concerning the proper party's identity."  Jeon does not say that confusion about the multiple parties in the case resulted in her thinking that someone other than the AOAO was responsible for maintaining, monitoring, and providing security for the swimming pool.  Her silence on this point is deafening.

In ruling that Jeon has failed to demonstrate the applicability of Rule 15(c)(1), the court disagrees with Jeon's characterization of the law of the case doctrine as barring the AOAO's limitations argument.  As the Ninth Circuit noted in <u>Rebel Oil Co. v. Atlantic Richfield Co.</u>, 146 F.3d 1088, 1093 (9th Cir. 1998), the "law of the case" doctrine generally precludes a court from reconsidering an issue that has already been decided by the

same court, or a higher court in the identical case.  For the
doctrine to apply, the issue in question must have been decided
explicitly or by necessary implication in the previous
disposition.  Contrary to Jeon's contention, Magistrate Judge
Kurren did not decide the limitations issue when he allowed the
amendment of the original Complaint.  To the contrary, he
expressly stated at the hearing that the limitations issue could
be raised again by the AOAO with a better record.  Although the
AOAO did not submit further evidence on the present motion,
Jeon's failure to meet her burden by submitting admissible
evidence showing a mistake or confusion is something that was not
before the Magistrate Judge.  The record is therefore indeed
better now than it was.

        Because the two-year limitations period bars Jeon's
claims against the AOAO, the court need not reach the issue of
whether the AOAO owed Kwak a duty for purposes of the negligence
claims.

**V.        CONCLUSION.**

        Because the applicable two-year statute of limitations
bars Jeon's claims against the AOAO, summary judgment is granted
in favor of the AOAO with respect to claims asserted against it
in the Third Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 29, 2013



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Jeon v. Island Colony Partners, Civ. No. 11-00015 SOM/BMK; ORDER
GRANTING ASSOCIATION OF APARTMENT OWNERS OF ISLAND COLONY'S
MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED IN THIRD AMENDED
COMPLAINT