IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAM SOON JEON, INDIVIDUALLY AND AS ESTATE ADMINISTRATOR OF HER DECEASED HUSBAND, JUN SUNG KWAK,<br><br>         Plaintiff,<br><br>    vs.<br><br>445 SEASIDE, INC., ET AL.,<br><br>         Defendants.<br>_____ | Civ. No. 11-00015 SOM-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' BILLS OF COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANTS' BILLS OF COSTS

Before the Court are Bills of Costs filed by Defendant 445 Seaside, Inc. (Doc. 531), Defendant Aqua Hotels and Resorts, LLC ("Aqua Hotels") (Doc. 532), and Defendant Association of Apartment Owners of Island Colony ("AOAO") (Doc. 533[1]) (collectively, "Defendants"). After careful consideration of the Bills of Costs and the opposing memorandum, the Court finds and recommends that the Bills of Costs be GRANTED IN PART AND DENIED IN

---

[1] AOAO filed two Bills of Costs (Docs. 533 and 535). Document 533 is not signed by counsel but includes exhibits and other attachments. Document 535 is identical to Document 533, except it is signed by counsel and excludes the attachments. The Court relies on Document 533 because it includes the exhibits and attachments pertinent to the Bill of Costs.

PART.[2]  As discussed in detail below, the Court recommends that 445 Seaside be awarded $3,623.61 in costs, Aqua Hotels be awarded $822.60 in costs, and AOAO be awarded $9,560.27 in costs.

## DISCUSSION

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir.1999).  Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Id.  According to the Ninth Circuit:

> A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to

---

[2] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

> overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

Quan v. Computer Sciences Corp., 623 F. 3d 870, 888 (9th Cir. 2010) (brackets omitted).

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax costs that are specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir.1990)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Yasui, 78 F. Supp. 2d at 1126.


I.     Prevailing Party

Plaintiff does not dispute that Defendants prevailed against her. However, Plaintiff contends that, because "there can only be one prevailing party, the bills of costs submitted by both defendants, and third-party defendant are clearly not permitted." (Opp. at 20 (citing Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010).) Stated differently, Plaintiff argues that only one of the Defendants can be the prevailing party. Plaintiff misunderstands the holding in Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010).

In Shum, the Federal Circuit concluded that "the plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one." In other words, only the plaintiff(s) or defendant(s) – not both – may be deemed the "prevailing party." In that case, there was a "mixed judgment," where both the plaintiff and defendants received some relief in the case. Id. at 1368. Because only the plaintiff or the defendants (but not both) could be "the prevailing party," the Federal Circuit was tasked with determining whether the plaintiff or defendants should be labeled as "the prevailing party" for purposes of Rule 54 costs. Id. at 1367-70. The Court ultimately concluded that "defendants are the 'prevailing party' within the meaning of Rule 54." Id. at 1370.

Plaintiff misinterprets the holding of Shum as suggesting that only one Defendant – not all three Defendants – can be the prevailing party entitled to

taxable costs. That suggestion is directly at odds with the holding of Shum, which awarded costs to multiple defendants. Id. at 1370-71. The Court therefore rejects Plaintiff's reliance on Shum and her argument that only one Defendant may recover costs in this case. The Court finds that Defendants 445 Seaside, Aqua Hotels, and AOAO are "the prevailing party" for purposes of Rule 54 costs.

II.          AOAO as a Third Party Defendant

Plaintiff states that AOAO "was not a direct defendant" and was instead brought into this action as a third party defendant by the other Defendants in this case. (Opp. at 17.) Consequently, Plaintiff argues that "[a]ll costs associated with AOAO's case are not taxable to plaintiff" and that "AOAO should seek costs from third-party plaintiffs rather than plaintiff herself." (Id. at 17-18.)

Although AOAO was initially brought into this action as a third party defendant, Plaintiff subsequently named AOAO as a Defendant in her Amended Complaint (Doc. 279) and in her Third Amended Complaint (Doc. 332).[3] AOAO prevailed on the claims asserted by Plaintiff against it, and AOAO is therefore a prevailing party entitled to costs from Plaintiff under Rule 54.

---

[3] No Second Amended Complaint was filed in this case. Although Plaintiff was "given leave to file a Second Amended Complaint" (Doc. 330 at 25), she filed an amended complaint captioned "Third Amended Complaint" (Doc. 332).

III.       Triplicative Costs

Plaintiff also contends that the costs requested are "tri-plicative" because Defendants "acted in unison in defending this litigation." (Opp. at 6.) Plaintiff notes that Defendants "filed joint motions for summary judgment, joint motions to dismiss, various other joint motions and blanket joinders." (Id. at 6-7.) Additionally, Plaintiff notes that Defendants incurred costs separately for "the exact same documents." (Id. at 8-10.) By doing so, Plaintiff argues that Defendants "duplicated costs in bad faith." (Id. at 8.)

Plaintiff's argument was previously rejected in Jura v. County of Maui, Civ. No. 11-00338 SOM-RLP, 2012 WL 6156233, at *1 (Nov. 14, 2012). In that case, the plaintiff brought an action against several defendants, and judgment was entered in the defendants' favor. The defendants filed bills of costs, to which the plaintiff objected. Id. One of the plaintiff's arguments was that, because "Defendants coordinated their defense in this action, the separate costs requested by [defendant] Ms. Kosegarten are duplicative." Id. However, noting that Ms. Kosegarten was represented by separate counsel, Judge Richard L. Puglisi concluded that "Ms. Kosegarten's costs were necessary for her separate representation in this matter." Id.

6

Like the plaintiff in <u>Jura</u>, Plaintiff argues here that, because the three Defendants coordinated their defense, their separate requests for costs are triplicative. (Opp. at 6-7.) The Court disagrees. Each Defendant incurred costs necessary for their separate representation in this case. <u>See</u> <u>Jura</u>, 2012 WL 6156233, at *1. Additionally, by working together in defending against Plaintiff's claims, defense counsel likely kept their costs lower than if they had worked independently. The Court declines to find that Defendants acted in bad faith for incurring their own separate costs and recommends that Plaintiff's request to deny costs as triplicative be rejected.

IV.       Depositions, Transcripts of Proceedings, Exhibits, and Copies

Defendants' Bills of Costs must "be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." LR 54.2(c). Each Defendant included a memorandum setting forth the authorities supporting the request.

   A.    Deposition Transcripts and Records

Deposition costs are taxable if they are reasonably necessary for trial. <u>Evanow v. M/V Neptune</u>, 163 F.3d 1108, 1118 (9th Cir. 1998). In <u>Rodriguez v. Gen. Dynamics Armament & Tech. Prods.</u>, 775 F. Supp. 2d 1217, 1223 (D. Haw.

2011), Magistrate Judge Kevin S.C. Chang recommended denial of deposition costs, where the attorney's declaration in support of the bill of costs explained only that "the depositions were needed to assist in trial cross examination." Id. at 1220, 1223. Judge Chang concluded that "Defendant's unsupported and conclusory explanation that the depositions were needed to assist in trial cross examination is insufficient." Id. at 1223. Chief District Judge Susan Oki Mollway agreed that the conclusory explanation did not satisfy the requirement in Local Rule 54.2(c) that the request for costs set forth the grounds supporting the request and an explanation why the costs were necessarily incurred. Id. at 1219-20.

        Here, all three Defendants seek costs for deposition transcripts and records. The memorandum supporting AOAO's Bill of Costs and Kelvin H. Kaneshiro's declaration provide detailed explanations of each person whose deposition was taken and each organization from which records were requested. (Doc. 533-1 at 3-5; Doc. 533-2 at 2-7.) The Court is satisfied that AOAO met the requirements of Local Rule 54.2 with respect to deposition costs.

        The requests for deposition costs by 445 Seaside and Aqua Hotels, however, lack the specificity of AOAO's memorandum and declaration with respect to why depositions of certain people or organizations were taken. The memoranda supporting their Bills of Costs simply list the people and organizations

8

who were deposed, and counsels' declarations merely state that the depositions were "necessarily obtained for use in this case." (Doc. 531-2 at 2-3; Doc. 531-3 at 2-6; Doc. 532-2 at 3; Doc. 532-3 at 1-7.) Like in Rodriguez, 775 F. Supp. 2d at 1223, "Defendant's unsupported and conclusory explanation that the depositions were needed [for use in this case] . . . is insufficient." Id. at 1223.

In sum, the Court recommends that AOAO's deposition costs be awarded; that the deposition costs of 445 Seaside totaling $8,855.80 be denied (Ikehara Decl'n ¶¶ 4-24; 445 Seaside's Itemization of Bill of Costs at 2-6); and that the deposition costs of Aqua Hotels totaling $11,437.37 be denied (Richards Decl'n ¶¶ 4-32; Aqua Hotel's Itemization of Bill of Costs at 2-7).

      B.    Transcripts of Proceedings

Plaintiff also challenges 445 Seaside's costs associated with transcripts of proceedings, arguing that 445 Seaside fails to demonstrate that the transcripts were necessary for its case. (Opp. at 12-13.)

Pursuant to 28 U.S.C. § 1920(2), the court may tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "In other words, if the transcripts were not necessary for the case, the stenographic fees are not taxable costs." Rodriguez, 775 F. Supp. 2d at 1220.

With the exception of two days of trial transcripts, 445 Seaside states that all of the other transcripts of proceedings were "necessarily obtained for use in this case." (Ikehara Decl'n ¶¶ 25-29.) This conclusory explanation is insufficient, as discussed above with respect to deposition transcripts, and the Court recommends that costs for those transcripts be denied.

Regarding the request for two days of trial transcripts, however, 445 Seaside explains that those transcripts were used for its Motion for Judgment as a Matter of Law. (Ikehara Decl'n ¶ 30.) Although Plaintiff notes that 445 Seaside "only 'joined' in the motion," the Court finds that 445 Seaside's transcripts of trial held on August 28 and 29, 2013 were necessarily incurred. (Id. ¶ 30.)

In sum, the Court recommends that 445 Seaside's costs for transcripts of trial held on August 28 and 29, 2013 be awarded, but that costs incurred for transcripts of other proceedings totaling $424.19 be denied (Ikehara Decl'n ¶¶ 25-29; 445 Seaside's Itemization of Bill of Costs at 6-7).

    C.    Exhibits

Plaintiff argues that Defendants "included 60 exhibits for the presentation of their case, . . . [but] only four exhibits were offered by [D]efendants." (Opp. at 14.) Plaintiff asks the Court to only award costs for "the

fees for one copy of [D]efendants' exhibits that were actually entered into evidence at trial." (Id. at 16.)

Plaintiff relies on Rodriguez, 775 F. Supp. 2d at 1220, as support that Defendants' exhibits were not necessarily obtained for use at trial.  However, in Rodriguez, the plaintiff and defendant presented their cases at trial, and the case was decided by the jury.  Although the Rodriguez court was "struck by the extraordinary difference between exhibits listed by [the defendant] and exhibits actually referred to at trial," id. at 1220, Defendants in the instant case did not present their cases to the jury.  Instead, the motion for judgment as a matter of law was granted after Plaintiff rested.  Because Defendants did not present their cases, it is unknown how many defense exhibits would have been admitted at trial, had judgment as a matter of law not been entered.  Indeed, "parties prepare exhibits concerned about a host of possible uses that they cannot know in advance will arise." Id.  Further, Plaintiff's Exhibit List included 42 exhibits while Defendants' collective Exhibit List included 60 exhibits.  Given the unusual circumstances of this case and that the parties had prepared a similar number of exhibits, the Court finds that costs related to Defendants' exhibits are awardable.

       D.      Copying Costs

Local Rule 54.2(f)(4) allows for recovery of copying costs if the requesting party "submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR 54.2(f)(4); see also 28 U.S.C. § 1920(4). Each Defendant requests copying costs.

Plaintiff argues that costs of courtesy copies for the Court should not be taxed. (Opp. at 15.) According to Plaintiff, "Local Rule 54.2 does not permit copy charges for courtesy copies for the court." (Id.) However, judges in this district have routinely taxed costs for courtesy copies. See Young v. City & County of Honolulu, Civ. No. 07-00068 JMS-LEK, 2009 WL 5177954, at *3 (D. Haw. Dec. 30, 2009) ("The Court therefore finds that Defendant's two copies of all filings associated with the motions . . . were necessarily obtained for use as courtesy copies for the district court."); Black v. City & County of Honolulu, Civ. No. 07-00299 DAE-LEK, 2010 WL 653026, at *7 (D. Haw. Feb. 22, 2010) (awarding costs for courtesy copies); Jura, 2012 WL 6156233, at *2 (awarding costs for courtesy copies). The Court therefore recommends that Defendants' requests for copying costs of courtesy copies be granted.

With respect to Defendants' remaining copying costs, the Court finds that they are allowable under Local Rule 54.2 and 28 U.S.C. § 1920, and that

Defendants satisfied the requirements for establishing their necessity and reasonableness. The Court recommends that all copying costs be awarded to Defendants.

V.      Service of Summons and Subpoena

Plaintiff argues that she should not be taxed the cost of serving a subpoena on Plaintiff's expert. Under 28 U.S.C. § 1920(1), "[f]ees of the clerk and marshal" are taxable costs. Local Rule 54.2(f)(1) clarifies that "[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred." The Court finds that serving Plaintiff's expert with a subpoena was reasonable and recommends taxing this fee.

Plaintiff also argues that "[s]ervice of the summons on third-party AOAO is not taxable to plaintiff; that is a tactical choice made by defendants in relation to AOAO and not necessitated by plaintiff." (Opp. at 19.) Plaintiff filed the Third Amended Complaint, naming AOAO as a Defendant. It is unclear why 445 Seaside seeks costs for serving Plaintiff's Third Amended Complaint on AOAO. Neither 445 Seaside's memorandum nor the attached declaration explains why it served AOAO with the Third Amended Complaint. This service does not

appear to be necessary and the Court recommends denying 445 Seaside's request for $39.00 in costs for serving AOAO. (Ikehara Decl'n ¶ 31.)

VI.  Factors for Denying Costs

Plaintiff points to the following factors as reasons to deny Defendants' request for costs "in their entirety" (Opp. at 1-2):

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

Quan, 623 F.3d at 888-89 (quotation marks and ellipses points omitted).

The Court finds that these factors do not warrant a blanket denial of costs. Plaintiff does not establish that her financial resources are so limited that she is unable to bear the costs requested by Defendants, and the Court declines to find that granting Defendants' requested costs would chill wrongful death litigation. Defendants have not acted in bad faith in this case and, although they did not recover money from this litigation, they prevailed on all of Plaintiff's claims against them. The Court is not convinced that the foregoing factors warrant a denial of all costs in this case.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Defendants' Bills of Costs (Docs. 531, 532 & 533) be GRANTED IN PART AND DENIED IN PART.  Specifically, the Court recommends that 445 Seaside be awarded $3,623.61 in costs ($12,903.60 - $8,855.80 for deposition costs - $424.19 for transcript costs = $3,623.61); Aqua Hotels be awarded $822.60 in costs ($12,259.97 - $11,437.37 for deposition costs = $822.60); and AOAO be awarded $9,560.27 in costs ($9,599.27 - $39.00 for service of Third Amended Complaint = $9,560.27).

Any Objection to this Findings and Recommendation shall be filed in accordance with this Court's Local Rules and other applicable law.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 30, 2013.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Nam Soon Jeon, et al. v. 445 Seaside, Inc., et al., Civ. No. 11-00015 SOM-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' BILLS OF COSTS.