IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NAM SOON JEON, individually and as Estate administrator of her deceased husband, Jun Sung Kwak,<br><br>          Plaintiff,<br><br>     vs.<br><br>445 SEASIDE, INC., AQUA HOTELS AND RESORTS US/CANADA,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 11-00015 SOM/BMK<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE A REPLY MEMORANDUM; ORDER AFFIRMING ORDER REQUIRING $5,000 APPELLATE BOND |

**ORDER GRANTING PLAINTIFF LEAVE TO FILE A REPLY MEMORANDUM; ORDER AFFIRMING ORDER REQUIRING $5,000 APPELLATE BOND**

I.        INTRODUCTION.

The Third Amended Complaint in this matter asserted negligence and wrongful death claims arising out of the drowning of Jun Sung Kwak, a guest at the Island Colony Hotel.  See Third Amended Complaint, ECF No. 332.  The Third Amended Complaint alleged that, while swimming in the pool at the hotel, Kwak "suffered a[n] impairment and/or cardiac arrest which caused him to drown."  See id. ¶ 17.

On September 5, 2013, after Plaintiff Nam Soon Jeon, Kwak's widow, rested her case-in-chief at trial, the court granted Defendants' motion for judgment as a matter of law, questioning whether Jeon had any evidence of a breach of a duty owed by Defendants and ruling that, even if she did, she had completely failed to introduce any evidence of medical causation.

That is, the court ruled that there was a total lack of evidence establishing that any breach of duty caused Kwak's death.  See Transcript of Proceedings of September 5, 2013, at 38-40, ECF No. 552, PageID # 13872-74.

The same day, Jeon appealed.  See ECF No. 520.  Jeon amended her Notice of Appeal on September 25, 2013.  See ECF No. 541.

On November 19, 2013, the court taxed costs under Rule 54 of the Federal Rules of Civil Procedure of $3,623.61 in favor of 445 Seaside, Inc., $822.60 in favor of Aqua Hotels and Resorts, Inc., and $9,560.27 in favor of the Association of Apartment Owners of Island Colony.  See ECF Nos. 559-62.

On November 26, 2013, relying on Rule 7 of the Federal Rules of Appellate Procedure, Defendants asked that the court require Jeon to post at least a $5,000 bond to secure costs on appeal.  See ECF No. 565.

Jeon opposed the appellate bond, arguing that she was financially incapable of posting a bond and that she thought her chances of winning on appeal were good.  See ECF No. 569.  Jeon's opposition did not contest the appropriateness of any particular cost mentioned in the motion.  See id.

On February 13, 2014, Magistrate Judge Barry M. Kurren orally granted Defendants' Rule 7 bond request, telling Jeon that she had to post a $15,000 bond to ensure payment of costs on

appeal.  See Transcript of Proceeding on Feb. 13, 2014, at 10, ECF No. 582, PageID # 14953.  However, Magistrate Judge Kurren's written order, entered on February 24, 2014, reduced the cost award below the amount stated in his oral ruling.  See ECF No. 581.  Noting that district court costs had already been taxed under Rule 54 of the Federal Rules of Civil Procedure, and reasoning that any bond to secure the costs on appeal under Rule 7 of the Federal Rules of Appellate Procedure had to be limited to costs on appeal and could not include costs incurred in district court proceedings, Magistrate Judge Kurren reduced the Rule 7 bond amount to $5,000.  Id.

On February 27, 2014, Jeon sought reconsideration of the order requiring a bond on appeal.  See ECF No. 583.  After receiving Magistrate Judge Kurren's written order of February 24, 2014, Jeon changed her argument.  Capitalizing on Magistrate Judge Kurren's refusal to include in any appellate bond amounts that had already been taxed under Rule 54, Jeon argued that the request for such amounts was tantamount to a fraud on the court such that the entire request for an appellate bond should be denied.  See id.

The reconsideration motion was denied on March 3, 2014. See ECF No. 584.

On March 12, 2014, Jeon appealed.  See ECF No. 585. The court deems this appeal to include Magistrate Judge Kurren's orders of February 24 and March 3, 2014.

On March 28, 2014, Jeon sought leave to file a Reply memorandum in support of her appeal.  The court allows the filing of that document.  Having considered the underlying papers, as well as the filings concerning the appeal, the court now affirms the order requiring Jeon to post a $5,000 bond to ensure payment of the costs on appeal.

**II.      STANDARD.**

Because this matter involved a post-trial request for a bond to ensure payment of Defendants' costs on appeal, and because no party objected to Magistrate Judge Kurren's addressing of the matter, the court deems Magistrate Judge Kurren to have determined the matter under 28 U.S.C. § 636(b)(3), which states, "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  See King v. Ionization Int'l, Inc., 825 F.2d 1180, 1185 (7th Cir. 1987) ("No provision expressly authorizes the judge to assign a magistrate to post-judgment proceedings, although we can think of no good reason not to allow such assignments and the statute does have a catch-all section: 'A magistrate may be assigned such additional duties as are not inconsistent with the

Constitution and laws of the United States.' 28 U.S.C. §

636(b)(3).").

It is not entirely clear what level of scrutiny this

court applies when reviewing a matter under § 636(b)(3).  In an

abundance of caution, the court therefore reviews this matter de

novo.  See Estate of Conners by Meredith v. O'Conner, 6 F.3d 656,

659 n.2 (9th Cir. 1993); Erum v. County of Kauai, 2008 WL

2598138, *3 (D. Haw. June 30, 2008).

**III.    ANALYSIS.**

Jeon does not challenge Magistrate Judge Kurren's

examination of specific factors in deciding that a bond was

appropriate.  Instead, she argues that no appellate bond should

issue under Rule 7 because counsel for Defendants allegedly

attempted to commit a fraud on the court by requesting that costs

be taxed under Rule 54 and then requesting that the same costs be

included as costs associated with the appeal.  Although Jeon

characterizes her argument as sounding in fraud, she is in

essence complaining that Defendants' bond request covers the same

transcript costs awarded under Rule 54.  This is an argument

raised for the first time in Jeon's reconsideration motion.  See

Marlyn Nutraceuticals, Inc. v. Mucos Phama GmbH & Co., 571 F.3d

873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not

be used to raise arguments or present evidence for the first time

when they could reasonably have been raised earlier in the

litigation.'" (quoting <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000)).  Jeon therefore failed to preserve the issue for this appeal.

Even if the court does consider Jeon's argument as sounding in fraud, the court does not attribute malicious or fraudulent intent to defense counsel any more than it would attribute malicious or fraudulent intent to mistakes made by Jeon's counsel.  In the present motion, for example, Jeon argues in several places that Magistrate Judge Kurren ordered Jeon to post a bond of $15,000 in his written order of February 24, 2014. <u>See</u>, e.g., ECF No. 585-1 at 2, PageID # 14976 ("By Order entered February 24, 2014, ECF581, Magistrate Judge Kurren granted defendants' motion to compel plaintiff's appeal bond in the sum of $15,000.") and at 8, PageID # 14982 ("The Court should not grant $15.000 in security when the only real documented basis is barely $1,400.").  The court declines Jeon's invitation to construe the defense request for a bond covering certain costs as a fraud on the court, just as the court declines to read Jeon's filing as intentionally attempting to mislead this court.  The court does not believe (and lacks any evidence) that counsel either for Jeon or for Defendants has intentionally attempted to commit a fraud on this court.

Accordingly, the court affirms the order requiring Jeon to post a $5,000 bond to ensure payment of costs on appeal, as

the only argument made by Jeon to this judge in her appeal of that order involves that alleged fraud.

In so ruling, the court adopts the reasoning set forth in Magistrate Judge Kurren's order of February 24, 2014. Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, the court determines that it is appropriate for Jeon to post a $5,000 bond to ensure the payment of costs on appeal. The court agrees with Magistrate Judge Kurren that Jeon has little chance of success on appeal, that it is unlikely that Jeon will pay Defendants' costs if her appeal is unsuccessful, and that Jeon has failed to present evidence demonstrating that she is financially unable to post a bond. Given these factors, even though Jeon is not proceeding in bad faith, the court agrees with Magistrate Judge Kurren that requiring Jeon to post an appellate bond is appropriate. The court additionally notes that a $5,000 bond is a reasonable amount to secure whatever the costs may ultimately be on appeal. Those exact costs are not precisely determinable at this time, but may include copying costs and possibly further transcript costs. Although some transcript costs were included in the Rule 54 cost award, it is not clear at this point that the issues that will be raised on appeal will be limited to those covered by those transcripts.

**IV.      CONCLUSION.**

          After de novo review, the court affirms Magistrate

Judge Kurren's orders that require Jeon to post a $5,000 bond to

ensure the payment of costs on appeal.  Jeon's request that this

court stay this order is denied.  Jeon is ordered to post the

bond in the amount of $5,000 no later than April 15, 2014.


          IT IS SO ORDERED.

          DATED: Honolulu, Hawaii, March 31, 2014.




                              /s/ Susan Oki Mollway
                              Susan Oki Mollway
                              Chief United States District Judge




Jeon v. Island Colony Partners, Civ. No. 11-00015 SOM/BMK; ORDER GRANTING PLAINTIFF
LEAVE TO FILE A REPLY MEMORANDUM; ORDER AFFIRMING ORDER REQUIRING $5,000 APPELLATE
BOND